UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:

JOE MYERESS,

    Plaintiff,

v.

MARMONT HILL, INC. and
PARVEZ TAJ,

    Defendants.

_____

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
(INJUNCTIVE RELIEF DEMANDED)

Plaintiff JOE MYERESS by and through undersigned counsel, brings this Complaint against Defendant MARMONT HILL, INC. for damages and injunctive relief, and in support thereof states as follows:

1. Plaintiff JOE MYERESS ("Myeress"), who resides in Sarasota, Florida, brings this action for violations of Myeress' exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Myeress' original copyrighted works of authorship in his photographs, for removal and falsification of Myeress' copyright management information in violation of 17 U.S.C. § 1202, and for violation of the Florida Deceptive and Unfair Trade Practices Act.

2. Myeress is an experienced professional photographer who previously served in The United States NAVY as a photographer for 5 years. Myeress was 1 of 10 chosen military photographers to photograph President George H. Bush's Inauguration, and his images of this event have become part of the National Archives. Myeress also photographed the Summit at the

White House between President George Bush and President Mikhail Gorbachev of the Soviet Union.

3.      Over the years, Myeress has worked in different areas of photography including architecture, weddings, models, landscapes, concerts, sports, and tabletop. Myeress has won many awards, both local and National, and his photographs have been published in magazines and newspapers across the country. Myeress sells high quality prints of his images at http://fineartamerica.com/profiles/joe-myeress.html.  Myeress retains all copyrights to his photographs. Myeress licenses his copyrighted works, such as the ones in this case, for commercial use.

4.      Defendant PARVEZ TAJ ("Taj") is a Canadian-born artist, entrepreneur, and owner of MARMONT HILL, INC.

5.      Defendant MARMONT HILL, INC. ("Marmont") claims to be "a collective of artists - spearheaded by Taj who acts as the creative director. Together they create original works of art which are printed on a variety of materials such as aluminum, canvas, mirrors, and natural wood. The collective is inspired by people, places and things. They believe that art should be an affordable luxury and each piece is handcrafted with love and care." (https://www.walmart.com/ip/Marmont-Hill-Inc-Marmont-Hill-Bouquet-Rouge-by-Michael-Woodward-Painting-Print-on-Canvas/50126185 visited June 2, 2018).

6.      Marmont sells its wares at its own online store at www.marmonthill.com and at WalMart.com, Wayfair.com, Houzz.com, and several other online stores.

7.      Myeress alleges that Taj and Marmont copied Myeress' copyrighted Work from the internet in order to advertise, market and promote their business activities.

8. Taj and Marmont committed the violations alleged in connection with their business for purposes of advertising and promoting sales to the public in the course and scope of their business.

## JURISDICTION AND VENUE

9. This is an action arising under the Copyright Act, 17 U.S.C. § 501 and the Florida Statutes.

10. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

11. The Defendants are subject to personal jurisdiction in Florida because they are incorporated in Florida and reside in Florida, and because defendants committed a tort in Florida.

12. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Taj and Marmont engaged in infringement in this district, Taj and Marmont reside in this district, and Taj and Marmont are subject to personal jurisdiction in this district.

## DEFENDANT

13. Marmont Hill, Inc. is a Florida corporation with its principal place of business at 8050 Signature Club Circle, Unit 201, Naples, FL 34113, and can be served by serving its Registered Agent, Corporate Creations Network, Inc., 11380 Prosperity Farms Road, Ste 221E, Palm Beach Gardens, Florida 33410.

14. Parvez Taj is an individual residing in Naples, Florida and can be served at 8050 Signature Club Circle, Unit 201, Naples, Florida 34113.

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FL 33431

**THE COPYRIGHTED WORK AT ISSUE**

15. Myeress created a high dynamic range photograph of downtown Miami with a focus on Freedom Tower which is shown below and referred to herein as the "Work".



16. At the time Myeress created the Work, Myeress applied copyright management information to the Work consisting of his name and watermark in the lower right corner.

17. Myeress registered the Work with the Register of Copyrights on April 8, 2015 and was assigned the registration number VA 1-955-450. The Certificate of Registration is attached hereto as Exhibit 1.

18. At all relevant times Myeress was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANT MARMONT

19. Neither Taj nor Marmont have ever been licensed to use the Work at issue in this action for any purpose.

20. On a date after the Work at issue in this action was created, but prior to the filing of this action, Taj and Marmont copied the Work.

21. Taj and Marmont copied Myeress' copyrighted Work without Myeress' permission.

22. After Taj and Marmont copied the Work, they created unauthorized derivative works including the product shown below.



23. Taj and Marmot made further copies, displayed, and distributed the Work and unauthorized derivatives of the Work at Marmont's online store at www.marmonthill.com and at WalMart.com, Wayfair.com, Houzz.com, and several other online stores on the internet.

24. Taj and Marmont copied, distributed, displayed and made unauthorized derivatives of Myeress' copyrighted Work in connection with Marmont's business for purposes

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FL 33431

of advertising and promoting Marmont's business, and in the course and scope of advertising and selling products and services.

25. As shown below, the product made by Marmont and Taj was created by copying and cropping the Work and applying Photoshop filters to the copies.



26. Taj and Marmont committed copyright infringement of the Work as evidenced by the documents shown in Exhibit 2.

27.     Myeress never gave Taj or Marmont permission or authority to copy, display, distribute or make derivatives of the Work at issue in this case.

28.     When Taj and Marmont copied, made derivatives, distributed and displayed the Work at issue in this case, they removed Myeress' copyright management information from the Work.

29.     Myeress never gave Taj or Marmont permission or authority to remove copyright management information from the Work at issue in this case.

30.     Defendants issued and distributed a "certificate of authenticity" ("COA") in connection with the sale of the unauthorized copy of Myeress' Work.  Shown below and attached hereto as Exhibit 3 is the certificate of authenticity distributed by Taj and Marmont.

> Marmont Hill is a collective of artists - spearheaded by Parvez Taj who acts as the creative director.  Together we create original works of art which are printed on a variety of materials such as aluminum, canvas, mirrors, and reclaimed wood.  The collective is inspired by people, places and things. Each limited edition piece is handcrafted with love and care.
>
> This Certificate of Authenticity confirms that this is a fine art framed print from the Marmont Hill collective.
>
> MarmontHill.com

31.     The COA shown above is advertised and promoted as a key feature of the product on the pages promoting sale of the unauthorized copy of Myeress' Work.

32. The COA is false copyright management information because it is conveyed in connection with the defendants' sale of the unauthorized copy of Myeress' Work, provides copyright management information consisting of the name "Parvez Taj," "Marmont Hill," and "the Marmont Hill Collective."

33. The COA claims that Parvez Taj and the artists of the Marmont Hill collective create original works of art.

34. The unauthorized copy of Myeress' Work is not an original work of art.

35. The unauthorized copy of Myeress' Work was not created by Marmont Hill or its artists.

## COUNT I
## COPYRIGHT INFRINGEMENT

36. Myeress incorporates the allegations of paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37. Myeress owns a valid copyright in the Work at issue in this case.

38. Myeress registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

39. Taj and Marmont copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Myeress' authorization in violation of 17 U.S.C. § 501.

40. Taj and Marmont performed the acts alleged in the course and scope of its business activities.

41. Myeress has been damaged.

42. The harm caused to Myeress has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

43. Myeress incorporates the allegations of paragraphs 1 through 35 of this Complaint as if fully set forth herein.

44. The Work at issue in this case contains copyright management information ("CMI").

45. Taj and Marmont knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the works at issue in this action in violation of 17 U.S.C. § 1202(b).

46. Taj and Marmont committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Myeress' rights in the works at issue in this action protected under the Copyright Act.

47. Taj and Marmont caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of Myeress' rights in the works at issue in this action protected under the Copyright Act.

48. Myeress has been damaged.

49. The harm caused to Myeress has been irreparable.

## COUNT III
## FALSIFICATION OF COPYRIGHT MANAGEMENT INFORMATION

50. Myeress incorporates the allegations of paragraphs 1 through 35 of this Complaint as if fully set forth herein.

51. The COA conveyed with the unauthorized copy of Myeress' Work is false CMI.

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FL 33431

52. Taj and Marmont knowingly and with the intent to enable, facilitate or conceal copyright infringement, provided the COA containing CMI that is false in violation of 17 U.S.C. § 1202(a).

53. Taj and Marmont caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that they will enable, facilitate or conceal infringement of Myeress' rights in the works at issue in this action protected under the Copyright Act.

54. Myeress has been damaged.

55. The harm caused to Myeress has been irreparable.

## COUNT IV
## VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

56. Plaintiff Myeress incorporates the allegations of Paragraphs 1 through 35 of this Complaint as if fully set forth herein.

57. Myeress sells copies of prints of his Work to the public.

58. Myeress' prints of his Work command a premium because of their authenticity, genuineness, provenance, and association with Myeress.

59. Defendants' sale of unauthorized copies of Myeress' Work with COA's that falsely claim originality and genuineness is deceptive and unfair.

60. Defendants' activities complained of herein constitute deceptive and unfair trade practices in violation of Section 501.204, Florida Statutes ("FDUTPA").

61. Myeress has been damaged.

62. The harm caused to Myeress has been irreparable.

WHEREFORE, the Plaintiff prays for judgment against the Defendants Parvez Taj and Marmont Hill, Inc. that:

a.  Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1202, and that a declaratory judgment issue adjudging defendants to have violated FDUTPA and restraining all future violations;

b.  Defendants be required to pay Plaintiff its actual damages and Defendants' profits attributable to the infringement or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

c.  Defendants be required to pay Plaintiff all actual losses suffered plus actual damages, attorneys' fees and costs pursuant to Section 501.211, Florida Statutes;

d.  Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon; and

e.  Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: June 20, 2018					Respectfully submitted,

					/s/ Joel B. Rothman
					JOEL B. ROTHMAN
					Florida Bar Number:  98220
					joel.rothman@sriplaw.com
					ALEXANDER C. COHEN
					Florida Bar Number:  1002715
					alex.cohen@sriplaw.com

					**SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
					4651 North Federal Highway

        Boca Raton, FL  33431
        561.404.4350 – Telephone
        561.404.4353 – Facsimile

        *Attorneys for Plaintiff Joe Myeress*