UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOE MYERESS,

    Plaintiff,

v.                                                      Case No: 2:18-cv-438-FtM-38CM

MARMONT HILL, INC. and
PARVEZ TAJ,

    Defendants.

## ORDER

This matter comes before the Court upon review of Defendants' Motion to Stay Case Management Deadlines, Plaintiff's response in opposition, and Defendants' Unopposed Motion to Enlarge Time to Add Parties or to Amend the Pleadings. Docs. 32, 33, 35. Defendants seek to stay the deadline to add parties or amend pleadings and suspend the commencement of discovery pending resolution of Defendants' motion to dismiss or, alternatively, extend the deadline to add parties or amend pleadings to fourteen (14) days following the Court's ruling on the motion to dismiss. Doc. 32 at 2; Doc. 35 at 2. Plaintiff opposes staying or suspending the discovery deadline but does not oppose an enlargement of time to add parties or amend pleadings. *See* Doc. 33; Doc. 35 at 2. For the reasons stated herein, the motion to stay will be denied, and the motion to extend the deadline to add parties or amend pleadings will be granted.

Motions to stay can be granted under Rule 26(c) of the Federal Rules of Civil Procedure, and "the moving party bears the burden of showing good cause and

reasonableness" justify the stay. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D. N.C. 1988)). When determining whether to stay discovery pending resolution of a motion, the Court must balance the harm produced by a delay in discovery against the possibility the motion will be granted and entirely eliminate the need for such discovery, which involves "weighing the likely costs and burdens of proceeding with discovery." *McCabe v. Foley,* 233 F.R.D. 683, 685 (M.D. Fla. 2006) (quoting *Feldman*, 176 F.R.D. at 652).

The Eleventh Circuit has noted that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 (11th Cir. 1997). "[N]either the parties nor the court have any need for discovery before the court rules on the motion" because the dispute is purely legal and involves no issues of fact. *Id.; Horsley v. Feldt,* 304 F.3d 1125, 1131 n.2 (11th Cir. 2002). *Chudasama* does not stand, however, for the proposition that all discovery in every circumstance should be stayed pending a decision on a motion to dismiss. *Koock v. Sugar & Felsenthal, LLP*, No. 8:09-cv-609-T-17EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009). "Instead, *Chudasama* and its progeny 'stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount.'" *Id.* (quoting *In re Winn Dixie Stores, Inc.*, No. 3:04-cv-194-J-33MCR, 2007 WL 1877887, at *1 (M.D. Fla. June 28, 2007)).

"A request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case." *McCabe,* 233 F.R.D. at 685. To this end, the court must take a "preliminary peek" at the merits of the dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *Id.* (citation and internal quotation marks omitted). This does not require the Court to decide on a pending dispositive motion. *Feldman*, 176 F.R.D. at 652. The Court has broad discretion to stay discovery pending resolution of a dispositive motion. *Hovermale v. Sch. Bd. of Hillsborough Cty Fla.*, 128 F.R.D. 287, 289 (M.D. Fla. 1989).

Here, after taking a "preliminary peek" at the motion to dismiss, the Court finds it is not evident the motion to dismiss is "clearly meritorious and truly case dispositive," especially given that at least some of the motion to dismiss is dedicated to disputing Plaintiff's alleged facts rather than attacking the legal sufficiency of Plaintiff's Complaint. *See McCabe,* 233 F.R.D. at 685; *see also* Doc. 26. Therefore, the Court finds the prejudice in preventing Plaintiff from proceeding with discovery outweighs the likelihood that Defendants' motion to dismiss will dispose of the entire case. Accordingly, the Court will deny Defendants' motion to stay. The Court will grant Defendants' motion to extend the deadline to amend pleadings and add parties, however, for good cause shown and because it is unopposed.

ACCORDINGLY, it is

**ORDERED:**

1. Defendants' Motion to Stay Case Management Deadlines (Doc. 32) is **DENIED**.

2. Defendants' Unopposed Motion to Enlarge Time to Add Parties or to Amend Pleadings (Doc. 35) is **GRANTED**. Defendants shall have **FOURTEEN (14) DAYS** following the Court's resolution of Defendants' Motion to Dismiss (Doc. 26) to add parties or amend pleadings.

**DONE** and **ORDERED** in Fort Myers, Florida on this 16th day of October, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record