UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOE MYERESS,

    Plaintiff,

v.                                                Case No: 2:18-cv-438-FtM-38CM

MARMONT HILL, INC. and PARVEZ
TAJ,

    Defendants.
                                            /

## **OPINION AND ORDER**[1]

Before the Court is Defendants Marmont Hill, Inc, and Parvez Taj's Motion to Dismiss (Doc. 26) and Plaintiff Joe Myeress' Opposition to Defendants' Motion to Dismiss (Doc. 34). For the following reasons, the Court denies the Motion.

## **Background**

This is a copyright case. The creative work at issue is a photograph of downtown Miami taken by Joe Myeress, a professional photographer who sells prints of his works over the internet and licenses them for commercial use. (Doc. 1 at 2-3).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.



*Image 1: Myeress Work*

Marmont Hill, Inc., self-described as a collective of artists spearheaded by Parvez Taj, created, displayed, and distributed a work created by copying and cropping the Myeress Work and applying Photoshop filters. (Doc. 1 at 6).



*Image 2: Marmont Hill Work*

Myeress sues Marmont Hill and Taj for copyright infringement, removal and falsification of copyright management information, and violation of the Florida Deceptive and Unfair Trade Practices Act. Marmont Hill and Taj have moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## Discussion

When considering a Rule 12(b)(6) motion to dismiss, courts must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The preferential standard of review, however, does not let all pleadings adorned with facts survive to the next stage of litigation. The Supreme Court has been clear on this point – a district court should dismiss a claim where a party does not plead facts that make the claim facially plausible. *See*

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

Courts are ordinarily limited to the four corners of the complaint and documents attached thereto when considering a Rule 12(b)(6) motion to dismiss. *Allen v. USAA Cas. Ins. Co.*, 790 F.3d 1274, 1278 (11th Cir. 2015). Defendants attached a sample contract between Marmont and a third-party artist as Def. Exhibit 1 to its Motion without arguing that any exception to the general rule applies here. The Court therefore excludes from consideration Def. Exhibit 1. (Doc. 26-1).

**A. Copyright Infringement (Count I)**

A copyright in a creative work secures the exclusive rights to reproduce and distribute copies of the work, and to prepare derivative works. 17 U.S.C. § 106. To establish a claim for copyright infringement, a plaintiff must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Roberts v. Gordy*, 877 F.3d 1024, 1028 (11th Cir. 2017) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991)). Defendants challenge both prongs of Myeress' infringement claim.

  1. *Ownership of a Valid Copyright*

Ownership of a copyright vests initially in the author of the work, "and a copyright registration provides prima facie evidence of ownership." *Id.* The Complaint states that Myeress created the Myeress Work and registered it with the Register of Copyrights, and Myeress attaches the Certificate of Registration as Exhibit 1 to the Complaint. (Doc. 1 at 4; Doc. 1-1). The Certificate covers 59 photos, most of which are identified by image numbers. Defendants attack Myeress' claim of ownership because the Complaint does not identify the image number of the Myeress Work. (Doc. 26 at 8-9). But the image number is not a necessary element that must be alleged in the Complaint. Asserting that the Myeress Work is one of the photos covered by the Certificate is enough. Defendants can learn additional details through discovery. For the purposes of 12(b)(6) review, Myeress has sufficiently pled ownership of a valid copyright.

*2. Copying*

The second element of copyright infringement "can be proven either with direct proof of copying or, if direct proof is unavailable, 'by demonstrating that the defendants had access to the copyrighted work and that the works are substantially similar.'" *Home Design Servs., Inc. v. Turner Heritage Homes Inc.*, 825 F.3d 1314, 1321 (11th Cir. 2016) (quoting *Oravec v. Sunny Isles Luxury Ventures, LLC*, 527 F.3d 1218, 1223 (11th Cir. 2008)). "If the plaintiff cannot show access, the plaintiff may still prevail by demonstrating that the works are 'strikingly similar.'" *Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1248 (11th Cir. 1999).

The Complaint states that Taj and Marmont copied the Myeress Work, cropped it, and applied a Photoshop filter to create the Marmont Work, making it a derivative of the original. (Doc. 1 at 5-6). Taj and Marmont then copied, displayed, and distributed the

5

Marmont Work. (Doc. 1 at 5). Defendants argue that Myeress' infringement claim fails because he did not allege that Defendants had access to the Myeress Work or that the two works are "strikingly similar." (Doc. 26 at 9-11). Defendants also urge the Court to dismiss the infringement claim because the two works are not "substantially similar" as a matter of law. (Doc. 26 at 11-15). In response, Myeress argues that access can be inferred from the allegation of actual copying, and he points to elements that are identical in both works, such as the positions of vehicles, lit and unlit windows, and certain shared deformities. (Doc. 34 at 9-11).

Defendants have conflated the burden of pleading and the burden of proof. Myeress pleads that Defendants physically copied the Myeress Work. He might prove it with direct evidence, by showing access and substantial similarity, or by showing striking similarity. But at this stage of litigation, it is sufficient that Myeress has made a plausible claim of copying. If Myeress can prove copying with direct evidence, the issues of access, substantial similarity, and striking similarity will not arise. Dismissal for the reasons given by Defendants would thus be premature.

Defendants point to *Tanksley v. Daniels*, 902 F.3d 165 (3rd Cir. 2018) and other cases that have dismissed copyright-infringement claims under 12(b)(6) after finding no substantial similarity. But those cases are inapposite because their plaintiffs alleged copying at a very different level of abstraction.[2] The copying at issue here is not abstract

---

[2] The plaintiff in *Tanksley*, for example, sued the creators of the television show *Empire*, alleging they copied elements of his three-episode television pilot called *Cream*. *Tanksley*, 902 F.3d at 168-69. Both shows centered around African-American record executives who run their own music labels while dealing with personal and family issues. *Id.* The 3rd Circuit affirmed 12(b)(6) dismissal because despite the similarities, "*Cream* and *Empire* contain dramatically different expressions of plot, characters, theme, mood, setting, dialogue, total concept, and overall feel." *Id.* at 177. Infringement claims based

at all. Myeress plausibly claims that his work was physically copied to create the Marmont work. Count I thus survives under 12(b)(6).

### B. Removal and Falsification of Copyright Management Information (Counts II and III)

17 U.S.C. § 1202 protects the integrity of copyright management information, which includes titles of works, names of authors and copyright owners, and other identifying information conveyed in connection with copies of a work. It is unlawful to intentionally remove or knowingly falsify copyright management information to induce, enable, facilitate, or conceal infringement. 17 U.S.C. § 1202.

Defendants discount Counts II and III as "nothing more than a formulaic recitation of the elements required under 17 U.S.C. § 1202." (Doc. 26 at 16-17). But they ignore the factual allegations in paragraphs 28-33 of the Complaint and incorporated into Counts II and III by reference. Myeress alleges that Defendants violated § 1202 by cropping his name out of the Myeress Work to create the Marmont Work, then by distributing a Certificate of Authenticity with the Marmont Work that falsely identifies Marmont Hill and Taj as the source of the work. (Doc. 1 at 7-10). Defendants' argument is meritless.

### C. Florida Deceptive and Unfair Trade Practices Act (Count IV)

Defendants next argue that Count IV is preempted by federal copyright law. Copyright preemption occurs if the rights at issue in a state-law claim (1) fall within the subject matter of copyright and (2) are equivalent to the exclusive rights of a copyright owner. *Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys., L.L.C.*, 596 F.3d 1313, 1325 (11th Cir. 2010). The right at issue in Count IV, the sale of creative visual works,

---

on alleged copying of abstract elements of a work, like in *Tanksley*, can fail as a matter of law for lack of similarity.

undisputedly falls within federal copyright law, so the determinative issue is equivalence. The 11th Circuit employs an "extra element" test: there is no preemption if the state-law claim requires an element instead of or in addition to the acts of reproduction, performance, distribution, or display, such that the state-law claim is qualitatively different than copyright infringement. *Id.*; *Foley v. Luster*, 249 F.3d 1281, 1285 (11th Cir. 2001).

Claims brought under the Florida Deceptive and Unfair Trade Practices Act "are not per se preempted by the Copyright Act." *Pegasus Imaging Corp. v. Northrop Grumman Corp.*, No. 8:07-CV-1937-T-27EAJ, 2008 WL 5099691, at *5 (M.D. Fla. Nov. 25, 2008) (citing *Donald Frederick Evans & Assocs., Inc. v. Continental Homes, Inc.*, 785 F.2d 897, 915 (11th Cir. 1986)). A FDUTPA claim is preempted when "the only unfair or deceptive practice is the same conduct which forms the basis of the plaintiff's copyright claim." *Id.* Here, the unfair and deceptive practice is not the distribution of the Marmont work, as argued by Defendants, but the distribution of the accompanying Certificates of Authenticity "that falsely claim originality and genuineness." (Doc. 1 at 10). Given the liberal standard for deciding 12(b)(6) motions, the Court finds that Myeress has sufficiently pled an extra element and thus declines to find preemption. But the Court may revisit the issue should the facts and law show that Myeress' FDUTPA claim is not qualitatively different than his copyright-infringement claim.

**D. Personal Liability of Parvez Taj**

Defendants also argue that Myeress "fails to state a valid claim against Taj personally." (Doc. 26 at 15-16). As support, Defendants cite *Broadcast Music, Inc. v. Behulak*, 651 F. Supp. 57, 59 (M.D. Fla. 1986), which considered when a corporate officer can be held liable for copyright infringement by the corporation. But here, Myeress

alleges that Taj and Marmont Hill jointly committed all the conduct underlying his claims. Myeress is not dragging Taj into the case as a corporate officer, but as an individual tortfeasor. A plaintiff need not pierce the corporate veil "if an individual is a direct participant in the alleged improper conduct." *Nationwide Mut. Co. v. Ft. Myers Total Rehab Center, Inc.*, 657 F. Supp. 2d 1279, 1287-88 (M.D. Fla. 2009). The Complaint thus states claims for which Taj can be held personally liable.

### E. Injunctive Relief

Defendants finally argue that Myeress fails to state a claim for injunctive relief. A plaintiff may obtain a permanent or preliminary injunction by showing "(1) that he has suffered an irreparable injury; (2) that his remedies at law are inadequate; (3) that the balance of hardships weighs in his favor; and (4) that a permanent injunction would not disserve the public interest." *Barrett v. Walker Cty. Sch. Dist.*, 872 F.3d 1209, 1229 (11th Cir. 2017). Defendants' sole attack is on the irreparable-injury factor. They claim Marmont removed the Marmont Work from its website and third-party vendor websites promptly after receiving the Complaint. (Doc. 26 at 19). Defendants' argument thus depends on new facts raised in their Motion, which must be disregarded at this stage of the case. *See Allen*, 790 F.3d at 1278; *see also E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 449 (4th Cir. 2011). Considering only the four corners of the Complaint, the Court finds that Myeress could plausibly be entitled to injunctive relief.

Accordingly, it is now

**ORDERED:**

9

1. Defendants Marmont Hill, Inc, and Parvez Taj's Motion to Dismiss (Doc. 26) is **DENIED**.

2. Defendants must file an answer to the Complaint on or before **November 8, 2018**.

**DONE** and **ORDERED** in Fort Myers, Florida this 25th day of October 2018.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record